Gregory Peacock, Esq. (SBN 277669)
**LAW OFFICE OF GREGORY PEACOCK**
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorney for Plaintiff Nickolas Wildstar

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKOLAS WILDSTAR,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF FULLERTON; ROBERT BOTZHEIM; DAVID BECERRA; and DOES 1 through 10, inclusive,<br><br>      Defendants. | ) Case No.<br>)<br>) COMPLAINT FOR DAMAGES FOR:<br>)<br>)   1.  Violation Of Fourth Amendment -<br>)       Unlawful Seizure Of Person;<br>)   2.  Violation Of First Amendment -<br>)       Violation Of Freedom Of Speech;<br>)   3.  Violation of Fourth and Fourteenth<br>)       Amendments – Malicious<br>)       Prosecution;<br>)   4.  Violation of Fourteenth Amendment<br>)       – Equal Protection;<br>)   5.  Municipal Liability - Failure To<br>)       Properly Train And For Failure To<br>)       Properly Hire / Fire / Discipline;<br>)   6.  Municipal Liability –<br>)       Unconstitutional Official Policy,<br>)       Practice, Or Custom; |

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff Nickolas Wildstar and shows this Honorable Court the following:

COMPLAINT FOR DAMAGES

1

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the City of Fullerton, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3.      Plaintiff Nickolas Wildstar, hereinafter referred to as "WILDSTAR" or "Plaintiff WILDSTAR", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

4.      Defendant City of Fullerton, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

5.   Defendant Robert Botzheim, hereinafter also referred to as "BOTZHEIM", is, and at all times complained of herein, was, a California State University, Fullerton Police Department Officer, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with the California State University, Fullerton Police Department.

6.   Defendant David Becerra, hereinafter also referred to as "BECERRA", is, and at all times complained of herein, was, a City of Fullerton Police Department Officer,

acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

7.    Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Fullerton Police Department and/or California State University, Fullerton Police, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

8.    At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Fullerton Police Department and/or California State University, Fullerton Police, and were acting in the course of and within the scope of their employment with defendant CITY.

9.    Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants

and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Fullerton Police Department and/or defendant City of Fullerton and/or California State University, Fullerton Police, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Fullerton Police Department and/or California State University, Fullerton Police for, *inter alia*,: 1) for unlawfully seizing persons; 2) for violating persons' right to freedom of speech; and 3) maliciously prosecuting persons.

10.     At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Fullerton Police Department and/or California State University, Fullerton Police, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

COMPLAINT FOR DAMAGES

4

11.   At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Fullerton Police Department and/or California State University, Fullerton Police and otherwise with defendant CITY[1].

12.   Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

13.   In addition to the above and foregoing, Defendants BOTZHEIM, BECERRA and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

14.   Defendants BOTZHEIM, BECERRA and DOES 1 through 6, inclusive, acted in joint and concerted action to deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

---

[1] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES

5

15.   Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(Against Defendants BOTZHEIM, BECERRA and DOES 1 through 6, inclusive)**

16.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 15, inclusive, above, as if set forth in full herein.

17.   At approximately 0343 hours, on January 16, 2017, defendants were apparently investigating a commercial burglary in the city of Fullerton, California.

18.   Defendant BOTZHEIM alleges that a security guard informed him that one male was arrested and that three black males ran from the location.

19.   Defendant BOTZHEIM alleges that a witness told him that a black male was trying to get into the witness' car. The witness said the black male was wearing a tan and white striped shirt, dark hoodie and dark pants. The suspect was also described as being 5'10' and 150 pounds.

20.   At approximately 0500 hours, BOTZHEIM claims to have noticed WILDSTAR walking on the sidewalk.

21.   WILDSTAR is a black male. At the time, he was wearing light colored pants, a jacket and a white checkered shirt. He also had a lunch box and umbrella with

him. WILDSTAR is 6'4" and 220 pounds. The only characteristic of WILDSTAR that matched the description of the suspect was the fact that he is a black male.

22.     At the time, WILDSTAR was walking to work.

23.     BOTZHEIM pulled over and detained WILDSTAR to allegedly investigate the commercial burglary.

24.     Defendant BECERRA arrived at the location at the same time as BOTZHEIM and assisted in the detention of WILDSTAR. WILDSTAR began video recording the encounter with his cell phone.

25.     Defendant BOTZHEIM told WILDSTAR that he matched the description of a suspect.

26.     WILDSTAR asked, "I match the description? Why because I'm black?"

27.     Defendant BECERRA then responded, "Yes, three of them robbed a store."

28.     Defendants BOTZHEIM, BECERRA and DOES 1 through 6, inclusive, told WILDSTAR to turn around. WILDSTAR complied and turned around.

29.     Defendants BOTZHEIM, BEERRA and DOES 1 through 6, inclusive, then handcuffed WILDSTAR without incident.

30.     WILDSTAR did not physically resist, obstruct or delay the officers during his detention or while they were handcuffing him.

31.     WILDSTAR repeatedly told the defendants that they had no right to detain him and further criticized and protested the defendants' unlawful conduct.

COMPLAINT FOR DAMAGES

7

32.     Once WILDSTAR was handcuffed, BOTZHEIM asked WILDSTAR, "Can I talk to you civilly?"

33.     WILDSTAR responded, "I don't want to speak with you at all. There is no civility in your actions."

34.     WILDSTAR then stated to BOTZHEIM: "I'm gonna sue you."

35.     In response, BOTZHEIM stated, "If you're gonna sue me, I might as well book you, right?"

36.     WILDSTAR was then arrested for allegedly violating Penal Code § 148(a)(1) (resisting, delaying or obstruction a peace officer) and Penal Code § 459 (Burglary.)

37.     WILDSTAR was then booked at the CSUF Police station where he was further humiliated during a live line-up in front of the burglary victims.

38.     WILDSTAR was of course not identified as one of the suspects.

39.     WILDSTAR was photographed, cited and released for allegedly violating Penal Code § 148(a)(1.)

40.     BOTZHEIM then authored a police report with a number of misrepresentations. BOTZHEIM stated in his police report that WILDSTAR was trying to shout over everything BOTZHEIM said; that WILDSTAR was being uncooperative; and that WILDSTAR "just kept yelling at us."

COMPLAINT FOR DAMAGES

41.     BOTZHEIM forwarded his report to the Orange County District Attorney's Office. As a result of the misrepresentations in BOTZHEIM's report, the Orange County District Attorney's Office filed a criminal complaint against WILDSTAR for allegedly violating Penal Code § 148(a)(1.)

42.     Well over a year after his arrest, an Orange County jury ultimately found WILDSTAR not guilty of violating Penal Code § 148(a)(1.)

43.     As complained of herein above, none of the defendants to this action had a warrant for WILDSTAR's arrest, nor probable cause to believe that WILDSTAR had committed a crime, nor reasonable suspicion that WILDSTAR was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by WILDSTAR.

44.     Accordingly, the seizure of WILDSTAR by Defendants BOTZHEIM, BECERRA and DOES 1 through 6, inclusive, by use of force constituted an unlawful and unreasonable seizure of WILDSTAR, in violation of his rights under the Fourth Amendment to the United States Constitution.

45.      As a direct and proximate result of the actions of Defendants BOTZHEIM, BECERRA and DOES 1 through 6, inclusive, as complained of herein, WILDSTAR: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

46.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of WILDSTAR's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of First Amendment Rights - Freedom of Speech**
**(Against Defendants BOTZHEIM, BECERRA and DOES 1 through 6, inclusive)**

47.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 46, inclusive, above, as if set forth in full herein.

48.    A substantial or motivating factor in the decisions of the various defendants to take the adverse actions against plaintiff as complained of in this action, was WILDSTAR's exercise of his right to freedom of speech under the First Amendment to the United States Constitution, when he verbally criticized the defendants and protested their actions. Furthermore, Defendant BOTZHEIM arrested WILDSTAR after WILDSTAR said that he was going to sue the defendants. BOTZHEIM responded by arresting WILDSTAR and stating, "If you're gonna sue me, I might as well book you, right?"

49.    BOTZHEIM also wanted to prevent WILDSTAR's ability to sue (seek redress) the defendants by arresting and maliciously prosecuting WILDSTAR for Penal Code § 148(a)(1.)

50.     Moreover, said defendants would not have taken said adverse actions against WILDSTAR, had WILDSTAR not exercised his right to freedom of speech under the First Amendment to the United States Constitution.

51.     As a direct and proximate result of said adverse actions taken against said plaintiff by said defendants as described above, plaintiff suffered serious bodily injury, severe mental and emotional distress, medical and psychological costs and expenses, lost wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $3,000,000.00.

52.     The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $2,000,000.00.

### THIRD CAUSE OF ACTION
### MALICIOUS PROSECUTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation Of Fourth And Fourteenth Amendment Right
### (Against BOTZHEIM and DOES 1 through 6, inclusive)

53.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52, inclusive, above, as if set forth in full herein.

54.     As shown above, BOTZHEIM and DOES 1 through 6, inclusive, falsely arrested plaintiff WILDSTAR on the bogus charge of violation of Cal. Penal Code § 148(a)(1), something said defendants knew was not true.

COMPLAINT FOR DAMAGES

11

55.     Also as shown above, BOTZHEIM and DOES 1 through 6, inclusive, knew that plaintiff WILDSTAR had not committed any violations of Cal. Penal Code § 148(a)(1) (resisting / obstructing / delaying a peace officer engaged in the lawful performance of his duties), or any other law, and, nonetheless, authored bogus police reports and accused plaintiff WILDSTAR of various acts to show that plaintiff had violated Cal. Penal Code § 148(a)(1.)

56.     Said police reports authored by BOTZHEIM and DOES 1 through 6, inclusive, also contained material misrepresentations of facts and material omission of facts upon which the Orange County District Attorney's Office relied, in large part, in deciding to file and to maintain the criminal prosecution of the plaintiff WILDSTAR.

57.     Moreover, said criminal action against WILDSTAR was terminated in his favor, in a manner inconsistent with guilt, when an Orange County jury found WILDSTAR "not guilty."

58.     Moreover, as shown above, none of said defendant officers had probable cause to believe that WILDSTAR committed a crime.

59.     Moreover, said criminal action was procured by said defendants with malice.

60.     Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions

of said defendants constituted a violation of the Fourth, Ninth and Fourteenth Amendments to the United States Constitution.

61.     As a direct and proximate result of the actions of BOTZHEIM and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of his real and personal property and 4) incurred other special and general damages and expenses, including attorney's fees and associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

62.     The actions of defendants BOTZHEIM and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive exemplary damages against all defendants, save for defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourteenth Amendment Rights**
**Right to Equal Protection of the Law**
**(Against Defendants BOTZHEIM, BECERRA and DOES 1 through 6, inclusive)**

63.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 62, inclusive, above, as if set forth in full herein.

64.     WILDSTAR is a black male, and the actions of said defendants committed against WILDSTAR were done by defendants because of WILDSTAR's race; in

COMPLAINT FOR DAMAGES

13

violation of WILDSTAR's right to equal protection of the law under the Fourteenth Amendment to the United States Constitution.

65.     WILDSTAR was detained and ultimately arrested because he is black. WILDSTAR did not fit the description of the suspects in any other way.

66.     Defendants' conduct was done intentionally and was done in a manner that constituted a deliberate indifference to and reckless disregard of WILDSTAR's Fourteenth Amendment right to equal protection; outrageous conduct that is shocking to the conscience.

67.     As a direct and proximate result of said adverse actions taken against said plaintiff by said defendants as described above, plaintiff suffered serious bodily injury, severe mental and emotional distress, medical and psychological costs and expenses, lost wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $3,000,000.00.

68.     The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $2,000,000.00.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Municipal Liability - Failure To Properly Train**
**And For Failure To Properly Hire / Fire / Discipline**
**(Against Defendant CITY)**

COMPLAINT FOR DAMAGES
14

69.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 68, inclusive, above, as if set forth in full herein.

70.     As complained of herein above, the acts of Defendant BECERRA and DOES 1 through 6, deprived WILDSTAR of his rights under the laws of the United States and The United States Constitution.

71.     The training policies of CITY were not adequate to train its police officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted WILDSTAR. CITY failed to adequately train their officers that it is not a crime to video record law enforcement; that it is not a crime to refuse to speak with law enforcement; and that it is not a crime to protest law enforcement or be critical of law enforcement.  CITY failed to properly train its officers on the conduct that violates Penal Code § 148(a)(1.)

72.     CITY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

73.     The failure of CITY to provide adequate training caused the deprivation of WILDSTAR's rights by Defendants BECERRA and DOES 1 through 6, inclusive.

74.     CITY's failure to train is closely related to the deprivation of WILDSTAR's rights as to be the moving force that ultimately caused WILDSTAR's injuries.

75.     As a direct and proximate result of the actions of defendants, and each of them, as complained of herein, Plaintiff WILDSTAR: 1) was substantially physically,

mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

## SIXTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Municipal Liability – Unconstitutional Official Policy, Practice, Or Custom
### (Against Defendant CITY)

76.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 75 inclusive, above, as if set forth in full herein.

77.     As shown above, the actions of Defendant BECERRA and DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution and under the California Constitution, as described above.

78.     At all times complained of herein, Defendants BECERRA and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Fullerton Police Department / defendant CITY:  1) for unlawfully seizing (detaining and arresting) persons; 2) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 3) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 4) for covering-up unlawful

COMPLAINT FOR DAMAGES

16

and tortious conduct by Fullerton Police Department personnel and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of below by the plaintiff in this action.

79.     Said actions of said defendants were done by them under the color of state law.

80.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of Defendant CITY, above-described, said defendants violated Plaintiff's constitutional rights, above-described.

81.     As a direct and proximate result of the actions of defendants CITY, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost profits and wages, and 4) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $2,000,000.00;

c) For an award of reasonable attorney's fees and costs;

COMPLAINT FOR DAMAGES

17

d)  For a trial by jury; and

e)  For such other and further relief as this honorable court deems just and equitable.

                __/S/ *Gregory Peacock*_____
                GREGORY PEACOCK

COMPLAINT FOR DAMAGES

18